Sam Meziani (#9821)
GOEBEL ANDERSON PC
405 South Main Street #200
Salt Lake City, Utah 84111
801-441-9393
smeziani@gapclaw.com

Jeremy Delicino (#9959)
JEREMY DELICINO LLC
9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
801-364-6474
jeremy@jeremydelicino.com
*Attorneys for Melynda Vincent*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **MELYNDA VINCENT**,<br><br>    Plaintiff,<br><br>v.<br><br>**JEFFREY A. ROSEN, Attorney General of the United States, and**<br>**SEAN REYES, Attorney General of the State of Utah,**<br><br>    Defendants. | **AMENDED COMPLAINT**<br><br>Case No. 2:20-cv-00883-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Melynda Vincent, through counsel, complains of Defendants as follows:

**<u>INTRODUCTION</u>**

Far too often those who have sinned seek forgiveness without penance, absolution without action. For those sinners, forgiveness is an act of mercy, a blessing bestowed by benevolence. We say of those fortunate enough to receive such blessings that they have been 'rescued' or 'saved.' What is implied in those words, powerful as they may be, is that others have done the

rescuing or saving, that there is no agency in redemption. But what of those transgressors who have toiled to make amends, who have tirelessly tried to undo their misdeeds? They seek not the easy-earned amnesty many desire, but instead seek something much greater: to redeem themselves, to remedy their failings through action, to transcend the trappings of the past and become greater than the sum of their flaws and failings. And so it is that Melynda Vincent comes to this Court, having shed the sins of her former self through dogged determination. Forgiveness was long ago granted, redemption long ago earned. But she now asks this Court to restore a right the law long ago took away—the right to protect herself and possess a firearm.

Melynda Vincent conquered her addiction and forged a new life. She got a bachelor's degree, followed by a master's degree. And then another. She started a non-profit organization to help others avoid her path. Put simply, Melynda Vincent redeemed herself. Like many others, she had lived a life derailed by drugs. Unlike many others, she overcame her addiction and managed to escape being, as Tom Wolfe once put it, "devoured by the maw of the criminal justice system." But make no mistake: there is no escape from some of the consequences of her crime. The law has offered her neither forgiveness nor redemption, instead consigning her to a lifetime as a second-class citizen by permanently stripping Melynda of her Second Amendment rights.

Current statutes commanding perpetual punishment with no hope of redemption poorly serve the proper understanding of the Second Amendment. Our Founders understood the right to keep and bear arms to be a fundamental individual right that could only be abridged in narrow circumstances. Historical evidence from our country's birth shows that legislatures may only "disarm those who have a demonstrated proclivity for violence or whose possession of guns would otherwise threaten public safety." *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (J. Barrett,

dissenting). Melynda Vincent shows no such proclivity, nor does she threaten public safety. In 2008, Ms. Vincent plead guilty to a federal felony for attempting to negotiate a false check in the amount of $498.12 at a Salt Lake City grocery store. There was nothing violent about her offense; instead, it was the desperate act of a woman under the throes of drug addiction. Ms. Vincent's crime is not the type of offense that allows legislatures to permanently deprive her of her Second Amendment rights. Ms. Vincent now brings this lawsuit to remove the Scarlet Letter imposed by current law and to restore rights that can no longer be indiscriminately withheld by legislative fiat.

## PARTIES

1. Plaintiff Melynda Vincent is a citizen of Utah and of the United States residing in Wasatch County, Utah.

2. Ms. Vincent desires to purchase and possess a firearm as allowed by the Second Amendment to the United States Constitution, but she is prevented from doing so because of Defendants' anticipated enforcement of federal and state felon-in-possession laws set forth below as well as the inclusion of her name in the National Instant Criminal Background Check System.

3. Defendant Jeffrey A. Rosen is sued in his capacity as Acting Attorney General of the United States. As Acting Attorney General, Mr. Rosen is responsible for executing and administering the laws and policies of the United States and is presently enforcing the laws and policies of the United States that are the subject of this action.

4. Defendant Sean Reyes is sued in his capacity as the Attorney General for the State of Utah. As Attorney General, Mr. Reyes is responsible for executing and administering the laws and policies of the State of Utah and is presently enforcing the laws and policies of the State of Utah that are the subject of this action.

**JURISDICTION AND VENUE**

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1346.

6.  Venue is proper under 28 U.S.C. § 1391(b), (e)(1)(B) and (C), as a substantial part of the events giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

**FACTS**

*(Ms. Vincent's Background)*

7.  Mindy Vincent is a business owner, licensed clinical social worker, public health activist, and mother living in Heber City, Utah.  A copy of Ms. Vincent's C.V. is attached as Exhibit A.

8.  Ms. Vincent has never been convicted of a violent felony or misdemeanor, is not an unlawful user of any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has never renounced her citizenship, and has never been the subject of a restraining order.

9.  Although Ms. Vincent has now fully recovered from her addiction to illegal drugs, she was addicted to methamphetamine thirteen years ago.  While addicted, she committed various drug-related crimes, such as negotiating and attempting to negotiate fraudulent checks at a Salt Lake City, Utah grocery store.

10.  On May 30, 2008, Ms. Vincent pled guilty to Bank Fraud, in violation of 18 U.S.C. § 1344 for attempting to negotiate a false check in the amount of $498.12 at a grocery store in Salt Lake City.

11.  The charge to which Ms. Vincent was convicted is a felony.  Ms. Vincent's conviction involved no violent activity.

12. Ms. Vincent has been convicted of only one felony in her lifetime.

13. Ms. Vincent has not used drugs since April 22, 2007.

14. After her arrest in April 2007, Ms. Vincent started the hard work of treating her addiction to drugs and alcohol.

15. Ms. Vincent graduated from a drug treatment program on October 12, 2007.

16. Recognizing her unique and significant progress, and thoughtfully evaluating Ms. Vincent's circumstances and the circumstances of the offense, the late and esteemed United States District Judge Dee Benson ultimately sentenced Ms. Vincent to zero (0) months imprisonment.

17. Ms. Vincent was placed on federal probation, which she completed early and without incident.

18. Judge Benson's faith in Ms. Vincent paid off. Ms. Vincent turned her life around.

19. Ms. Vincent graduated from Salt Lake Community College in 2006. For her superior academic performance, Ms. Vincent was admitted to the Phi Beta Kappa Honors Society.

20. Ms. Vincent obtained a B.S. in Behavioral Science in 2010 from Utah Valley University, graduating cum laude.

21. In 2013, Ms. Vincent obtained a Master of Social Work from the University of Utah.

22. In 2016, Ms. Vincent started a private practice providing therapy and counseling.

23. In 2018, Ms. Vincent completed her second advanced degrees, a Master of Public Administration from the University of Utah.

24. Ms. Vincent is the Founder and Executive Director of the Utah Harm Reduction Coalition, a non-profit organization that works to develop, draft and implement humane, science-driven drug policies and criminal justice reform policies.

*Prohibitions on the Possession of Firearms by Felons*

25. Section § 922(g)(1) of Title 18 of the United States Code prohibits the possession of firearms by any person convicted of "a crime punishable by a term of imprisonment exceeding one year." Violation of this provision is a felony offense punishable by a fine and a term of imprisonment of up to ten years. 18 U.S.C. § 924(a)(2).

26. The Utah Criminal Code also prohibits the possession of firearms by a person convicted of a felony. Utah Code Ann. § 76-10-503(3). A Category II restricted person includes a person that "has been convicted of any felony." Utah Code Ann. § 76-10-503(1)(b)(i). Violation of this statute is a third-degree felony. Utah Code Ann. § 76-10-503(3)(a).

*Ms. Vincent's Desire to Possess a Firearm*

27. Ms. Vincent desires and intends to possess a firearm for legal purposes.

28. Ms. Vincent is a single mother who desires and intends to possess a firearm for protection.

29. Ms. Vincent's children regularly participate in hunting and shooting. She desires to possess a firearm to engage in lawful hunting and shooting activities with her family.

30. The only reason Ms. Vincent has not obtained a firearm is because she is prohibited by the federal and state laws referenced above.

31. Ms. Vincent suffers the ongoing harm of being unable to obtain a firearm from licensed firearm dealers, which Ms. Vincent would do but for the enforcement of 18 U.S.C. § 922(g)(1) and Utah Code Ann. § 76-10-503.

**COUNT ONE**
*United States Constitution, Second Amendment*
*As-Applied Constitutional Claim for Declaratory and Injunctive Relief*
*28 U.S.C. § 2201*

32. Ms. Vincent repeats her previous allegations.

33.     The Second Amendment to the United States Constitution provides:

"*A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed.*"

34.     The right to keep and bear arms is an individual right. *District of Columbia v. Heller*, 554 U.S. 570, 634-35 (2008).  In *Heller*, the Supreme Court held the "core" of the Second Amendment right is "the right of law-abiding, responsible citizens to use arms in defense of hearth and home."

35.     The historical evidence from the Founding shows that legislatures may only "disarm those who have a demonstrated proclivity for violence or whose possession of guns would otherwise threaten public safety." *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting).

36.     A correct interpretation of the Second Amendment does not support the legislative power to categorically disarm non-violent felons based solely on their status as felons.  Rather, government can only take away the right to bear arms from a category of people it deems dangerous.

37.     Ms. Vincent is a responsible, law-abiding citizen.  She has no history of violent behavior, or of any other conduct that would suggest she would pose any more danger by possessing a firearm than an average, law-abiding, responsible citizen.

38.     Ms. Vincent is not likely to act in a manner dangerous to public safety, and her possession of a firearm would not be contrary to the public interest.

39.     Based on Ms. Vincent's unique personal characteristics and circumstances, including but not limited to her non-violent felony conviction for attempting to negotiate a fraudulent check for less than five hundred dollars; the passage of time since that conviction; her remarkable and exemplary career in academics, her private practice and public service; her entirely

law-abiding record since her 2008 conviction; her trustworthiness; her good-faith desire to possess firearms for lawful purposes; and the utter lack of danger that her possession of a firearm would pose, it is unconstitutional to apply the firearms prohibitions of 18 U.S.C. § 922(g)(1) and Utah Code Ann. § 76-10-503(3)(a) to Ms. Vincent personally.

## **REQUEST FOR RELIEF**

Plaintiff requests judgment as follows:

A. A declaration that application of 18 U.S.C. § 922(g)(1) against Ms. Vincent on account of her 2008 felony conviction for bank fraud in attempting to negotiate a $498.12 check violates the Second Amendment to the United States Constitution;

B. A declaration that application of Utah Code Ann. § 76-10-503(3)(a) against Ms. Vincent on account of her 2008 felony conviction for bank fraud in attempting to negotiate a $498.12 check violates the Second Amendment to the United States Constitution;

C. An order permanently enjoining Defendants, their successors, and their officers and agents, from enforcing the above-cited federal and state statutes against Ms. Vincent on the basis of her 2008 conviction for bank fraud;

D. An order removing Ms. Vincent's name from the National Instant Criminal Background Check system as someone ineligible to purchase firearms;

E. Costs of suit;

F. Attorney fees and costs pursuant to 28 U.S.C. § 2412; and

G. Any other further relief as the Court deems just and appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable.

DATED:  December 26, 2020

                                          GOEBEL ANDERSON PC

                                          */s/ Sam Meziani*
                                          Sam Meziani
                                          *Attorney for Melynda Vincent*

                                          JEREMY DELICINO LLC

                                          */s/ Jeremy Delicino*
                                          Jeremy Delicino
                                          *Attorney for Melynda Vincent*