THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MELYNDA VINCENT,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General of the United States, and SEAN REYES, Attorney General of the State of Utah,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [16] AND [17] DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:20-cv-00883-DBB<br><br>District Judge David Barlow |

Melynda Vincent brought an action against Merrick B. Garland and Sean Reyes for a declaratory judgment that federal and state felon-dispossession statutes 18 U.S.C. § 922(g)(1) and Utah Code § 76-10-503(3)(a) are unconstitutional as applied to her.[1] Defendants moved to dismiss.[2] Because Vincent cannot bring an as-applied challenge under the Second Amendment to the felon-dispossession statutes, Defendants' Motions to Dismiss are GRANTED.

## BACKGROUND

In 2008, Plaintiff Melynda Vincent pled guilty to bank fraud.[3] She committed that fraud at a time when she was addicted to methamphetamine.[4] Since the time of her offense, Vincent graduated from a drug treatment program, earned an undergraduate degree and two graduate

---

[1] *See* Amended Complaint, ECF No. 10 at ¶¶ 32–39.
[2] *See* Defendant Sean Reyes's Motion to Dismiss, ECF No. 16; Defendant Merrick Garland's Motion to Dismiss, ECF No. 17.
[3] ECF No. 10 at ¶¶ 10–11.
[4] *Id.* ¶ 9.

degrees, and founded a nonprofit organization for drug treatment and criminal-justice reform.[5] Now, Vincent desires to purchase and possess a firearm, but she cannot lawfully do so because 18 U.S.C. § 922(g)(1) and Utah Code § 76-10-503(3)(a) bar convicted felons from possessing firearms.[6]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[7] Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[8] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[9] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[10]

## DISCUSSION

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."[11] In *District of Columbia v. Heller*,[12] the Supreme Court interpreted the Second Amendment to "confer[] an individual right to keep and bear arms."[13]

---

[5] *Id.* ¶¶ 15, 20–24.
[6] *Id.* ¶ 2.
[7] Fed. R. Civ. P. 12(b)(6).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[9] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[11] U.S. Const. amend. II.
[12] 554 U.S. 570 (2008).
[13] *Id.* at 595.

Vincent challenges two statutes in this case. 18 U.S.C. 922(g)(1) prohibits "any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or ammunition."[14] Similarly, Utah Code § 76-10-503(3) prohibits a person convicted of a nonviolent felony from purchasing, transferring, possessing, or using a firearm.[15] Vincent argues that the application of these statutes to her violates her Second Amendment right to keep and bear arms.[16]

*Heller* found that the Second Amendment recognizes an individual right to keep and bear arms, but it also noted that "the right secured by the Second Amendment is not unlimited."[17] The Court specifically stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons. . . ."[18]

It is precisely the prohibition on the possession of firearms by those convicted of a felony that Vincent wishes to challenge, at least as to herself. Vincent asserts that "her unique personal characteristics and circumstances" require a declaration that the challenged federal and Utah laws prohibiting her from possessing a firearm are unconstitutional as they apply to her.[19] And Vincent characterizes the language in *Heller* as dicta because the right of a felon to possess a

---

[14] 18 U.S.C. 922(g)(1).
[15] Utah Code Ann. § 76-10-503(3).
[16] *See* Amended Complaint, ECF No. 10 at ¶ 32–39.
[17] *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).
[18] *Id.*
[19] ECF No. 10 at ¶ 39.

firearm was not at issue there.[20] But Supreme Court dicta binds this court "almost as firmly as . . . the Court's outright holdings."[21]

In interpreting *Heller*, the Tenth Circuit has not permitted either facial or as-applied Second Amendment challenges to § 922(g)(1).[22] In *United States v. McCane*, the Tenth Circuit rejected a Second Amendment challenge to § 922(g), noting that "[t]he Supreme Court . . . explicitly stated in *Heller* that 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'"[23] Then, in an unpublished majority decision in *In re United States*, the Tenth Circuit explained: "We have already rejected the notion that *Heller* mandates an individualized inquiry concerning felons pursuant to § 922(g)(1). . . . Furthermore, we have rejected, albeit in a slightly different context, the idea that § 922(g)(9) allows for individual assessments of the risk of violence."[24]

In sum, Vincent invites this court to do what the Tenth Circuit has not authorized. She invites the court to reject some of the analysis in *Heller* and put aside *McCane*.[25] But that is not this court's role. This court applies the instructions of the Tenth Circuit and the Supreme Court, rather than questioning the underlying bases for their determinations.[26]

---

[20] Opposition to Defendants' Motion to Dismiss, ECF No. 31 at 9.
[21] *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1243 (10th Cir. 2008) (quoting *Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996)); *see also United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (Tymkovich, J., concurring).
[22] *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), *cert. denied*, 559 U.S. 970 (2010); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished) (citing *McCane*, 573 F.3d at 1047).
[23] *McCane*, 575 F.3d at 1047 (citing *Heller*, 554 U.S. at 626).
[24] *In re United States*, 578 F.3d at 1200 (citations omitted).
[25] ECF No. 31 at 4–8, 10–11.
[26] The Tenth Circuit has previously described its mandate "to follow the Supreme Court's directions, not pick and choose among them as if ordering from a menu." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1243 (10th Cir. 2008); *United States v. McCane*, 573 F.3d 1037, 1050 (10th Cir. 2009) (Tymkovich, J., concurring). Obviously, that statement applies to this court as well.

Vincent seemingly recognizes this, describing her challenge as "potentially foreclosed" by one of the relevant higher court decisions.[27] She is right; it is. However, Vincent asserts that *McCane* is distinguishable because it involved a criminal case, not a civil challenge like the one here. Vincent does not explain why the analysis of the constitutional and statutory issues would change as a result, but instead simply states that the Tenth Circuit has yet to hear from someone like her and that the Tenth Circuit should consider then Judge (now Justice) Barrett's later dissent in a Seventh Circuit case.[28] These arguments, clearly directed to the Tenth Circuit itself, are not actionable by this court.

Vincent also contends that her rehabilitation and the passage of time since her conviction should relieve her from firearm dispossession.[29] As the United States notes, no court of appeals has ever sustained a challenge to a dispossession statute on those grounds.[30] In fact, those courts that have considered whether rehabilitation and passage of time can remove an individual from those not entitled to Second Amendment rights have explicitly rejected that argument.[31]

The Tenth Circuit simply has not authorized the kind of individualized assessment of the constitutionality of felon-dispossession statutes that Vincent requests from this court. Thus, Vincent's as-applied challenges to §§ 922(g)(1) and 76-10-503(3)(a) fail as a matter of law.

---

[27] ECF No. 31 at 11.
[28] *Id.* at 4–7, citing *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019) (Barrett, J., dissenting).
[29] ECF No. 2 at ¶ 39.
[30] ECF No. 17 at 10.
[31] *Medina v. Whitaker*, 913 F.3d 152, 160 (D.C. Cir. 2019) ("Nor can Medina's present contributions to his community, the passage of time, or evidence of his rehabilitation un-ring the bell of his conviction."); *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017) ("[E]vidence of rehabilitation, likelihood of recidivism, and passage of time are not bases for which a challenger might remain in the protected class of 'law-abiding, responsible' citizen."); *Binderup v. Att'y Gen.*, 836 F.3d 336, 350 (3d Cir. 2016) ("There is no historical support for the view that the passage of time or evidence of rehabilitation can restore Second Amendment rights that were forfeited.").

## ORDER

Because Vincent cannot bring an as-applied challenge under the Second Amendment to the felon-dispossession statutes, Defendant Garland's Motion to Dismiss is GRANTED. Defendant Reyes's Motion to Dismiss is GRANTED. The Amended Complaint is dismissed with prejudice.

Signed October 5, 2021.

BY THE COURT

_____

David Barlow
United States District Judge
