FILED
2022 MAR 14 AM 10:01
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VELIDA H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:20-cv-00833 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Velida H.[1] filed this action asking the court to reverse and remand the Acting Commissioner of the Social Security Administration's ("Commissioner") decision denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (*See* Compl. ¶ 1, Doc. No. 3.) The Administrative Law Judge ("ALJ") denied her application, finding Ms. H. did not qualify as disabled, and the Appeals Council denied her request for review. (Certified Tr. of Admin. R. ("Tr.") 1–4, 10–19, Doc. Nos. 17–18.) Ms. H. now argues the Appeals Council should have considered additional evidence she submitted after the ALJ issued his decision. (Opening Br. 2, 15–23, Doc. No. 21.) The court[2] has carefully reviewed the record and the parties' briefs.[3] Because Ms. H. has not shown the additional

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court refers to Plaintiff by her first name and last initial only.

[2] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 11.)

[3] Pursuant to Civil Rule 7-1(g) of the Rules of Practice for the United States District Court for the District of Utah, the appeal will be determined on the basis of the written memoranda, as oral argument is unnecessary.

1

evidence she submitted met the requirements for consideration by the Appeals Council, the decision is affirmed.

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of a final decision of the Commissioner. This court reviews the ALJ's decision and the whole record to determine whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). "[A]n ALJ's factual findings . . . shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, ___ U.S. ___ (2019) (internal quotation marks omitted). Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla." *Id.* at 1154 (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted). And the court may not substitute its judgment for that of the ALJ. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

## APPLICABLE LAW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is considered

disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

In making this disability determination, the ALJ employs a five-step sequential evaluation, considering whether:

1) The claimant presently engages in substantial gainful activity;

2) The claimant has a severe medically determinable physical or mental impairment;

3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;

4) The claimant possesses a residual functional capacity to perform past relevant work; and

5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his/her/their age, education, and work experience.

*See* 20 C.F.R. §§ 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing the disability. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

PROCEDURAL HISTORY

Ms. H. applied for disability insurance benefits in January 2017, alleging disability beginning October 2013. (Tr. 10, 153.) Her last insured date was December 31, 2018. (*Id.* at 12.) After an administrative hearing on November 7, 2019, (*id.* at 30–50), the ALJ issued a

decision on November 29, 2019, finding Ms. H. not disabled during the relevant timeframe (October 2013 through December 2018) and denying benefits, (*id.* at 10–19).

At step two of the sequential evaluation, the ALJ determined Ms. H. had the severe impairments of post-traumatic stress disorder ("PTSD"), major depressive disorder, "[m]alingering (rule out)," and anxiety. (*Id.* at 12.) At step three, the ALJ found Ms. H.'s impairments did not meet or equal the severity of an impairment listing. (*Id.* at 13.) Between steps three and four, the ALJ determined Ms. H. had the residual functional capacity ("RFC") to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: She can occasionally be exposed to loud noise. She has the ability to understand, remember, and carry out simple, routine, and repetitive tasks. She can perform goal-oriented but not assembly line-paced work. She can occasionally interact with co-workers and supervisors. She can never interact with the general public. She can adapt to routine changes in the workplace.

(*Id.* at 14.) With this RFC, the ALJ found Ms. H. was unable to perform any of her past, relevant work. (*Id.* at 17.) However, the ALJ concluded jobs existed in significant numbers in the national economy which Ms. H. could have performed during the relevant time period. (*Id.*)

In assessing Ms. H.'s RFC, the ALJ discussed two psychological consultative examinations in which Ms. H. was noted to be uncooperative or inconsistent in her presentation. (Tr. 15–16.) The first examiner, Dr. Hardy, discontinued the examination because he was unable to gain any useful information, and he reported Ms. H. to social security fraud investigators. (*Id.* at 15.) The second examiner, Dr. McGoldrick, noted a "dramatic change in presentation" between the gathering of background information and the mental status exam, and he suggested further investigation was needed to rule out malingering. (*Id.* at 16.) The ALJ also found Ms. H. was "not cooperative to questioning at the hearing regarding her impairments." (*Id.* at 14.) The

ALJ concluded Ms. H.'s "inconsistent presentation at the hearing and at her consultative exams and apparent lack of effort undermine her alleged inability to work." (*Id.* at 17.)

Ms. H. appealed the ALJ's decision to the Appeals Council and submitted additional evidence from mental health providers in support of her claim. (*Id.* at 147, 247–48, 373–84.) The Appeals Council declined to consider the additional evidence, finding some of it duplicative of evidence before the ALJ, and the remainder unrelated to the relevant time period. (*Id.* at 2.) The Appeals Council denied Ms. H.'s request for review, making the ALJ's decision the final decision of the Commissioner. (*See id.* at 1–4.)

## DISCUSSION

Ms. H. raises a single claim of error; she argues the Appeals Council should have considered certain additional evidence she submitted after the ALJ's decision. (Opening Br. 2, 15–23, Doc. No. 22.) She describes this evidence as "retrospective opinion[s] of [her] medical condition." (*Id.* at 15.) Ms. H. argues this evidence "offered an alternative explanation of [her] medical findings and would have presented a different explanation of [her] actions" which could have influenced the ALJ's decision. (*Id.*) In opposition, the Commissioner argues the evidence at issue is either duplicative of evidence before the ALJ, not pertinent to the relevant time period, or not reasonably likely to change the outcome of the case. (Answer Br. 12–14, Doc. No. 30.)

The social security regulations provide the Appeals Council will review a case if it receives "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). New evidence post-dating the hearing decision may be considered if it "is reasonably related to the time period adjudicated in the hearing decision." HALLEX I-3-3-6(B)(2). Additionally, the claimant must show good

cause for not informing the ALJ about the evidence or submitting it to the ALJ. *See id.* § 404.970(b); *see also id.* § 404.935 (describing requirements for submitting evidence to the ALJ). The court reviews de novo whether these requirements were met. *See Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

Ms. H.'s briefing focuses on letters from three providers which she submitted to the Appeals Council: (1) letters from her primary care provider, Tina Powell, from November 2018, August 2019, and December 2019, (Tr. 382–84); (2) a January 2020 letter from counselor Lanette Best, (*id.* at 374); and (3) a January 2020 letter from counselor Melissa Larsen, (*id.* at 381). (*See* Opening Br. 13–15, 21–23, Doc. No. 21.) Ms. H.'s briefing does not contain argument related to other evidence submitted to the Appeals Council. Accordingly, the court addresses only whether these letters should have been considered.

For the reasons set forth below, Ms. H. fails to show any of these letters met the requirements for Appeals Council review.

**1. Letters from Tina Powell**

Ms. H. submitted three letters to the Appeals Council from her primary care provider, Tina Powell, APRN, dated November 2018, August 2019, and December 2019. (Tr. 382–84.)

<u>November 2018 and August 2019 Letters</u>

Ms. Powell's November 2018 letter stated she had been Ms. H.'s primary care provider for several years. (Tr. 384.) She explained Ms. H. had experienced worsening PTSD, severe anxiety, intrusive thoughts, and insomnia, and had not "been able to work because of her anxiety for about the last 5 years." (*Id.*) Ms. Powell opined that "with her current anxiety, depression[,] and insomnia and due to the additional needs of her family due to her husband's illness," Ms. H. was "unable to work at the present time" or in the foreseeable future. (*Id.*)

Ms. Powell's August 2019 letter stated, "As an [add]endum to the letter written November 30, 2018, [Ms. H.'s] condition is unchanged." (*Id.* at 383.) Ms. Powell s noted Ms. H. continued to experience PTSD and anxiety in addition to short-term memory loss. (*Id.*) She stated, "I stand by my original assessment that [Ms. H.] is unable to work and that this is likely to continue for the foreseeable future." (*Id.*)

Both the November 2018 letter and the August 2019 letter were part of the record before the ALJ. (*Compare id.* at 383–84 *with id.* at 314–15; *see also* Reply 2, Doc. No. 31 (acknowledging the ALJ considered the November 2018 letter).) Indeed, the ALJ discussed these letters in his decision. (Tr. 17 (citing *id.* at 314–15).) The ALJ gave these letters "little weight" because Ms. Powell did not provide an opinion regarding functional limitations, her opinion addressed an issue reserved to the Commissioner, it was unsupported by specific clinical findings or explanation, and it was inconsistent with her own exams. (*Id.*) Because these letters were considered by the ALJ, they are not new evidence meriting Appeals Council review.

December 2019 Letter

Ms. Powell's December 2019 letter again described Ms. H.'s impairments of PTSD, depression, and anxiety, and stated "her condition [was] deteriorating significantly." (Tr. 82.) Ms. Powell noted that Ms. H.'s disability application was recently denied and requested reconsideration of this denial, stating Ms. H. was "unable at this time to seek for and find gainful employment." (*Id.*)

Ms. H. fails to address the requirement to show good cause for failing to submit this evidence to the ALJ. But assuming she could make such a showing, since the letter post-dates the ALJ's decision, Ms. H. has not demonstrated the letter is material or reasonably likely to change the outcome of the case. This letter merely reiterates Ms. Powell's diagnoses and

opinions from the prior letters, which the ALJ considered. As in the prior letters, Ms. Powell opined that Ms. H. was unable to work—an issue reserved to the Commissioner—without providing functional limitations or specific clinical findings. Where the ALJ gave little weight to the prior letters based on these same deficiencies, Ms. H. cannot show the December 2019 letter was reasonably likely to change the outcome of the case. To the extent the letter suggests further deterioration of Ms. H.'s condition, it does not indicate this occurred during the relevant time period, which ended on Ms. H.'s last insured date of December 31, 2018. *See* HALLEX I-3-3-6(B)(2) (explaining that new evidence showing "worsening of the condition after the expiration of a [date last insured] in a title II disability insurance benefits claim" does not qualify for review). Accordingly, this letter is not material or reasonably likely to change the outcome of the case.

2. **Letter from Lanette Best**

Ms. H. next submitted a letter from Lanette Best, CMHC, from January 2020.[4] (Tr. 374.) The letter stated: "Today I met with [Ms. H.] and I have determined that she has severe complex PTSD that has resulted in Dissociation and Depersonalization." (*Id.*) The letter provided no additional information.

Assuming Ms. H. could show good cause for failing to present this evidence to the ALJ, she fails to show the letter was material, related to the relevant time period, or reasonably likely to change the outcome of the case. Ms. H. suggests the diagnoses of dissociation and depersonalization explain her behavior during the consultative examinations and the administrative hearing—behavior she argues was misinterpreted as indicative of malingering.

---

[4] The letter is dated January 31, 2010, but the parties agree the letter was written in 2020. (*See* Opening Br. 14, Doc. No. 21; Answer Br. 10 n.2, Doc. No. 30.)

(Opening Br. 22, Doc. No. 21.) However, the letter was written more than a year after the relevant timeframe, which ended in December 2018, and it does not indicate these conditions were present during the relevant time period. Additionally, the letter contains no explanation regarding the effect of these conditions on Ms. H.'s behavior or functional limitations. For these reasons, Ms. H. has not demonstrated this letter is material to her RFC during the relevant timeframe, or that it would have a reasonable probability of changing the outcome of the case. Therefore, the Appeals Council was not required to consider it.

### 3. Letter from Melissa Larsen

Finally, Ms. H. submitted a letter from Melissa Larsen, CMHC, from January 2020. (Tr. 381.) The letter states Ms. H. "presented to [Ms. Larsen's] office today to be assessed for mental health treatment." (*Id.*) Through "routine assessment," Ms. Larsen "found that [Ms. H.] meets the criteria for Post-Traumatic Stress Disorder, delayed onset, which has worsened significantly over the past 5-6 years." (*Id.*) Ms. Larsen opined that Ms. H. "is currently unable to perform daily tasks, [and] unable to get out of bed most days." (*Id.*) Ms. Larsen further opined that "Ms. H. is unable to work, as simple daily tasks are causing collapse." (*Id.*)

Assuming Ms. H. could show good cause for failing to present this evidence to the ALJ, she fails to show the letter was material, related to the relevant timeframe, or reasonably likely to change the outcome of the case. This letter is dated more than a year after the relevant time period ended. Although the letter indicated Ms. H.'s condition had worsened over the prior five to six years, which would include the relevant timeframe, Ms. Larsen only provided an opinion regarding Ms. H.'s "current" functional limitations. The letter does not address functional limitations during the relevant time period. Accordingly, Ms. H. cannot show the letter was material to her RFC during the relevant timeframe, or that it would have a reasonable probability

of changing the outcome of the case. Therefore, the Appeals Council was not required to consider it.

## CONCLUSION

For the reasons set forth above, Ms. H. has failed to demonstrate any of the additional evidence she submitted after the ALJ's decision met the requirements for consideration by the Appeals Council. Because Ms. H. raises no other claims of error relating to the denial of her application for benefits, the court AFFIRMS the Commissioner's decision.

DATED this 14th day of March, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge